IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| CORNERSTONE RESIDENTIAL MANAGEMENT, LLC d/b/a FREEDOM'S PATH LTD., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CV 125-119 |
| WILLE G. SMITH, | ) ) ) | |
| Defendant. | ) | |

**ORDER**

After a careful *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 26.) The Magistrate Judge recommended Defendant's[1] case be remanded to the Superior Court of Richmond County for lack of federal subject matter jurisdiction. (See doc. no. 18.) Specifically, the Magistrate Judge determined Defendant did not establish federal question jurisdiction because the state court action was a state law dispossessory action raising no federal question, and the criteria for diversity jurisdiction were not met. (See id.) Although nothing in Defendant's objections changes the conclusion that this action should be remanded, one objection warrants brief comment. (See doc. no. 26.)

---

[1] Although Defendant styles himself as "Plaintiff" in his objections, (see doc. no. 26), the Court refers to him as Defendant, as this terminology is consistent with Defendant's improper removal attempt of the Richmond County state court action.

Defendant contends removal is proper under 28 U.S.C. § 1443(1), which he "expressly invoked" in his notice of removal. (Id. at 11-12.) Pursuant to § 1443(1), state civil actions are removable "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). Because Defendant did not raise this statute as a basis for removal in his notice, the Magistrate Judge did not err by not considering § 1443(1). (See generally doc. no. 1; doc. no. 26, p. 13.)

Even if Defendant had raised § 1443(1), remand is still proper. To be removable under § 1443(1), the removing Defendant must satisfy the following two-pronged test: (1) "it must appear that the right allegedly denied the removal [defendant] arises under a federal law 'providing for specific civil rights stated in terms of racial equality,'" and (2) "it must appear . . . that the removal [defendant] is 'denied or cannot enforce' the specified federal rights 'in the courts of (the) State'" as "manifest in a formal expression of state law." Johnson v. Mississippi, 421 U.S. 213, 219 (1975) (quoting Georgia v. Rachel, 384 U.S. 780 (1966)).

Defendant argues his rights under the Fair Housing Act and Americans with Disabilities Act "have been systemically frustrated," which justifies removal under § 1443(1). (Doc. no. 26, p. 12.)  He describes these laws as "securing equal housing opportunity and nondiscrimination for protected classes (such as persons with disabilities)." (Id.)  This argument does not point to any "specific civil rights stated in terms of racial inequality," and thus does not support removal. See Johnson, 421 U.S. at 219. Moreover, nowhere does Defendant allege the denial of any such right is manifest in the formal expression of state law. Accordingly, this case is not removable because Defendant failed to satisfy either prong of the applicable test. See, e.g., FPA5 Encore LLC v. McFall, No. 118CV04286, 2018 WL 4938729,

2

at *2 (N.D. Ga. Sept. 12, 2018) ("Allegations of § 1443 jurisdiction on the vague and conclusory grounds presented by Defendant herein have been found insufficient to establish this court's removal jurisdiction in dispossessory proceedings."), *adopted by* 2018 WL 4931949 (N.D. Ga. Oct. 11, 2018).

None of Defendant's remaining objections alter the conclusion remand is warranted. (See doc. no. 18.) Accordingly, the Court **OVERRULES** Defendant's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **REMANDS** this case to the Superior Court of Richmond County, State of Georgia, case number 2025RCCV00358, for lack of subject-matter jurisdiction, and **DENIES AS MOOT** Defendant's motion to proceed *in forma pauperis*, (doc. no. 2). The Court further **DIRECTS** the Clerk to **TERMINATE** all pending motions and **CLOSES** this civil action.

SO ORDERED this 30th day of July, 2025, at Augusta, Georgia.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA